IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-172-D

| | |
|---|---|
| NASEEM AHMED et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANTHONY PORTER et al., ) | |
| ) | |
| Defendants. ) | |

The court heard oral argument today concerning plaintiffs' motion to remand [D.E. 23]. The court fully considered the record in this case (including the amended complaint) and the arguments of counsel. As explained in open court and incorporated herein by reference, the court denies plaintiffs' motion to remand. The court concludes: (1) that remand is not warranted under the "choice of venue" provision in the United Community Bank ("UCB") promissory notes; (2) that remand is not warranted due to 28 U.S.C. § 1332(d)(11)(B)(ii)(I) in light of the allegations in the amended complaint and where the alleged injuries occurred; and, (3) that remand is not warranted under 28 U.S.C. § 1332(d)(9)(C). As for section 1332(d)(9)(C), the court assumes (without deciding) that the alleged investment contract is a "security." Nonetheless, remand is not warranted under section 1332(d)(9)(C) in light of the claims in the amended complaint, the statutory language in the Class Action Fairness Act, and the legislative history. See Estate of Pew v. Cardarelli, 527 F.3d 25, 29–33 (2d Cir. 2008).

As for scheduling, plaintiffs have up to January 16, 2009, to file a response to UCB's motion to compel arbitration and to file a reply in support of plaintiffs' motion to stay arbitration. Any defendant who has not yet filed an answer or other response to plaintiffs' amended complaint shall do so not later than January 16, 2009.

SO ORDERED. This 19 day of December 2008.

/s/ James Dever
JAMES C. DEVER III
United States District Judge