# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:09cv101

| | |
|---|---|
| **NASEEM AHMED,** *et al.*, | )<br>) |
|    Plaintiff, | )<br>) |
| Vs. | )  **ORDER**<br>) |
| **ANTHONY PORTER, et al.**, | )<br>) |
|    Defendants. | )<br>) |

**THIS MATTER** is before the court on the following motions:

(#11) Motion to Stay Proceedings and to Compel Arbitration;

(#73) Motion to Compel Arbitration and Stay Proceedings;

(#76) Joint Motion to Dismiss Claims of Michael and Donna Stead Against Defendant Carolina First Bank;

(#77) Joint Motion for Extension of Time by Plaintiffs and United Community Bank for Extension of Deadlines for Further Briefing and Pleading Re Arbitration;

(#78) Motion for Discovery or in the Alternative for Additional Time to Respond to BB&T's Motion to Compel Discovery;

(#82) Motion to Dismiss, Motion for More Definite Statement, Motion to

Sever; and

(#89) Plaintiffs' Motion to Convert Defendant Secor's Motion to Dismiss to Summary Judgment Motion and Permit Discovery Sufficient to Respond to Defendant's Motion.

With BB&T's settlement of the claims against and its departure from this action, motions docketed as entries (#73) and (#78) are moot and will be denied. The Joint Motion for Extension of Time by Plaintiffs and United Community Bank for Extension of Deadlines for Further Briefing and Pleading Re Arbitration (#77) will be denied inasmuch as the only remaining motion concerning arbitration has been pending for nearly a year providing the parties with more than enough time to fully brief the issues. The only motions remaining for disposition are docket entries (#11), (#76), (#82), and (#89). These motions are either ripe or will become ripe before hearing on April 29, 2009.

Respective counsel are advised that no further enlargements of time will be allowed as to any pending motion and that motions filed in the interim will not be heard at the hearing. Respective counsel are further advised that the scheduled hearing will not be continued and that a conflict with matters in another court will require counsel to send prepared co-counsel to the hearing.

It would also appear that the parties are settling claims in this action and filing

stipulations of voluntary dismissal as to less than the entire action. See Docket Entry (#88). While the court does not wish to discourage settlement, respective counsel should be aware of the case law applicable in the Asheville Division. Such a voluntary dismissal is defective where the parties attempt to dismiss less that the entire action, a violation of the language of the Rule 41(a)(1), Federal Rules of Civil Procedure, and the established precedence of this court. Specifically, the district court held more than eight years ago in Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000):

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d*, § 41,21[2] (citing Skinner v. First Am. Bank of Virginia, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

Id. The decision in Gahagan is consistent with Rule 41(a)(1), which speaks only to dismissal of actions, not particular claims. By requiring amendment of the Amended Complaint to reflect active claims and active defendants, the court as well as the public can remain aware of the claims plaintiff is making. Further,

-3-

the Amended Complaint, if read to a jury, must accurately reflect the claims and the parties in order to avoid confusion. Counsel who filed pleading (#76) should carefully consider their request under <u>Gahagan</u> in preparation for the hearing.

The court is also concerned with what appears from the docket to be a lack of proof of service as to all defendants, lack of responsive pleadings, and a lack of motions for entry of default. Counsel for plaintiffs should, respectfully, be prepared to address these concerns at the hearing after carefully reviewing the docket.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the

(#73) Motion to Compel Arbitration and Stay Proceedings is **DENIED** as moot;

(#77) Joint Motion for Extension of Time by Plaintiffs and United Community Bank for Extension of Deadlines for Further Briefing and Pleading Re Arbitration is **DENIED** as the time for briefing has run;

(#78) Motion for Discovery or in the Alternative for Additional Time to Respond to BB&T's Motion to Compel Discovery is **DENIED** as moot;

**IT IS FURTHER ORDERED** that the

 (#11) Motion to Stay Proceedings and to Compel Arbitration;

 (#76) Joint Motion to Dismiss Claims of Michael and Donna Stead Against Defendant Carolina First Bank;

 (#82) Motion to Dismiss, Motion for More Definite Statement, Motion to Sever; and

 (#89) Plaintiffs' Motion to Convert Defendant Secor's Motion to Dismiss to Summary Judgment Motion and Permit Discovery Sufficient to Respond to Defendant's Motion,

are **CALENDARED** for hearing on April 29, 2009, at 9 a.m. in Asheville.

Signed: March 23, 2009

Dennis L. Howell
United States Magistrate Judge