IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:09CV101

| | |
|---|---|
| NASEEM AHMED, *et al.*,  )<br>)<br>Plaintiffs,  )<br>)<br>Vs.  )<br>)<br>ANTHONY PORTER; UNITED  )<br>COMMUNITY BANK; BRANCH  )<br>BANKING & TRUST COMPANY;  )<br>SECOR GROUP, LLC; CAROLINA  )<br>FIRST BANK; A. GREG ANDERSON;  )<br>SUNSET FUNDING COMPANY;  )<br>LUIS CASTILLO; SOURCE ONE  )<br>PROPERTIES; SOURCE ONE  )<br>COMMUNITIES, INC.; H. LEE  )<br>FARTHING; STEPHEN M. RAYBORN;  )<br>and MICHAEL YEOMANS,  )<br>)<br>Defendants.  )<br>)  | MEMORANDUM AND<br><u>O R D E R</u> |

**THIS MATTER** is before the Court on the parties' various motions and the Magistrate Judge's Memorandum and Recommendation, filed June 23, 2009.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, United States Magistrate Judge Dennis L.

Howell, was designated to consider the parties' pending motions in the captioned civil action and to submit to this Court recommendations for the disposition of these motions.

On June 23, 2009, the Magistrate Judge filed a Memorandum and Recommendation in this case containing proposed findings of fact and conclusions of law in support of recommendations regarding:

1. Defendant United Community Bank's (UCB) motion to stay proceedings and compel arbitration, filed April 2, 2008;

2. Joint motion to dismiss the claims of Plaintiffs Michael and Donna Stead as to the Defendant Carolina First Bank, filed January 16, 2009;

3. The motions of Defendant Secor Group, LLC, to dismiss, for a more definite statement, and to sever, filed February 15, 2009; and

4. Plaintiffs' motion to convert the motions to dismiss of Defendant Secor to one for summary judgment and to permit discovery to respond thereto, filed March 20, 2009.

**See Memorandum and Recommendation, filed June 23, 2009, at 1.** The parties were advised that any objections to the Magistrate Judge's findings were to be filed in writing within 10 days of service of the Recommendation; the period within which to file objections expired on July 13, 2009. Defendant UCB objected to the Magistrate Judge's recommendation that its motion to stay proceedings and compel arbitration

be denied as moot.  **Defendant UCB's Objections to Memorandum and Recommendation, filed July 6, 2009.**  No other objections were filed by any other party.

## I.  MOTIONS TO DISMISS

The Magistrate Judge noted the problems encountered in this case where not all the Plaintiffs have the same claims against the same Defendants.[1]  **Memorandum and Recommendation, at 33 ("The commonality which a mass action attempts to address is quickly undermined where plaintiffs have different causes of action against different defendants.").**  The motion for voluntary dismissal filed by Michael and Donna Stead is an example of the confusion created when single Plaintiffs seek dismissal only of some their claims.  ***See also*, Stipulation of Dismissal, filed March 12, 2009 (dismissing with prejudice the Steads' claims as to Defendant BB&T only pursuant to**

---

[1] This Court knows very well the Magistrate Judge's frustration due to the fact that the undersigned has managed this District's asbestos litigation for the past 14 years.  Previously in those cases, plaintiffs' attorneys were permitted to file complaints containing 100 or more plaintiffs in one lawsuit for various claims against 20 or more defendants.  The Court has now prohibited that practice and requires each asbestos lawsuit to name only one plaintiff.

**Fed. R. Civ. P. 41(a)(1)(ii))**. Dismissals pursuant to Rule 41 apply to dismissals of "actions" not "claims." **See Fed. R. Civ. P. 41(a);** *see also*, *Gahagan v. N.C. Hwy. Patrol*, **2000 WL 33946065 (W.D.N.C. 2000).** Hereinafter, the parties are advised to file "a stipulation amending Plaintiff[s'] action pursuant to Rule 15(a), signed by all parties," in order to delete claims Plaintiffs have settled amicably with Defendants. *Gahagan*, **2000 WL 33946065; Memorandum and Recommendation,** *supra*, **at 2.**

Therefore, after conducting a careful review of the Magistrate Judge's Recommendation that the Steads' motion for voluntary dismissal be denied as moot, and there being no objections filed to such recommendation, the Court finds the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendations that the Steads' motion for voluntary dismissal be denied as moot.

Likewise, after a careful review of the Magistrate Judge's Recommendation that the Defendant Secor's motions to dismiss, for a more definite statement, and to sever be allowed in part and denied in part (as set forth more fully below), and there being no objections filed to such

recommendation, the Court finds the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendations as to the aforementioned motions.

## II. PLAINTIFFS' MOTION

With regard to Plaintiffs' motion to convert the motions to dismiss of Defendant Secor to one for summary judgment and to permit discovery in order to respond thereto, the Court has conducted a careful review of the Magistrate Judge's Recommendation that the Plaintiffs' motion be denied and, there being no objections filed to this recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Plaintiffs' motion be denied.

## III. DEFENDANT UCB'S OBJECTIONS

A party may file written objections to a Magistrate Judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C.1997);** *see also*, **Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." *Id.* General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. ***Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir.2003);** ***United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003)**. If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).**

UCB objects to the Magistrate Judge's finding that its motion to stay proceedings and to compel arbitration be denied as moot. **UCB's**

**Objections, at 1.** In his Memorandum and Recommendation, the Magistrate Judge noted that at the hearing on the pending motions, the parties represented to the Court that UCB's motion had been resolved to their satisfaction, that "mediation" was completed and an award was expected in the near future. **Memorandum and Recommendation, at 2.** However, UCB states the Magistrate Judge's recitation is not "entirely correct," that counsel for UCB and Plaintiffs had submitted a proposed consent order and stipulation for entry by the Court that stated "the arbitration hearing (not a mediation) had been completed, and further stated that a final award from the arbitrator was presently expected." **UCB's Objections, *supra*; *see also*, Proposed Order and Stipulation, filed April 28, 2009.** UCB states that the pending arbitration award does not moot its motion to stay due to the fact that absent the stay it remains "subject to the mandatory disclosures and other requirements of the Pretrial Order, and to any discovery requests or motions served by the Plaintiffs or other Defendants." **UCB's Objections, *supra*.**

The Court has no way of knowing what was actually represented to the Magistrate Judge during the hearing, for there is no transcript on which the Court may rely. However, it appears safe to assume that none of the

other parties to this litigation have any objections to this matter being stayed as to UCB due to the fact that none have come forward with any reasons why such relief should not be granted. Therefore, for the reasons stated by UCB, the Court finds that this matter should be stayed as to that Defendant in accordance with the parties' stipulations filed April 28, 2009.

### IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the joint motion to dismiss claims of Michael and Donna Stead against the Defendant Carolina First Bank is hereby **DENIED** as moot; the parties herein are hereby granted leave to amend the pleadings to delete claims made by such Plaintiffs against such Defendants and no answers or other responses shall be required.

**IT IS FURTHER ORDERED** that the Plaintiffs' motion to convert the Defendant Secor's motions to dismiss to one for summary judgment and to permit discovery thereon is **DENIED**; and

**IT IS FURTHER ORDERED** that all materials <u>outside the record</u> submitted by the Defendant Secor in response to Plaintiffs' motion are hereby **STRICKEN.**

**IT IS FURTHER ORDERED** that the Defendant Secor's motion to dismiss Plaintiffs' Claims One through Six is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Secor's motion for a more definite statement is **ALLOWED**, and Plaintiffs shall have 15 days from entry of this Order in which to file a more definite statement of their Claims One through Six as outlined in the Memorandum and Recommendation.

**IT IS FURTHER ORDERED** that the Defendant Secor's motion to dismiss Plaintiffs' Claims Seven, Eight, Nine, Eleven, Thirteen and Sixteen is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant Secor's motion to dismiss Plaintiffs' Claim Twelve is **ALLOWED,** and such claim is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Defendant Secor's motion to dismiss on all other grounds is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant Secor's motion to sever is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant United Community Bank's motion to stay proceedings and compel arbitration is **ALLOWED**,

and this matter is hereby stayed as to the Defendant United Community Bank pursuant to Federal Arbitration Act, 9 U.S.C. § 3.

Signed: August 19, 2009

Lacy H. Thornburg
United States District Judge