# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv101

| | |
|---|---|
| NASEEM AHMED, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ANTHONY PORTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the court after a hearing conducted on September 21, 2009 in Asheville. In the Order setting this matter for hearing, the court directed as follows:

> **IT IS FURTHER ORDERED** that upon suggestion of disobedience of a court Order made upon the record, **all counsel of record** and all unrepresented parties shall appear for a hearing to determine whether the Order of the district court has been disobeyed and what, if any, sanctions should be imposed. Such hearing is set for September 21, 2009, at 2 p.m. in Asheville.

Docket Entry # 144 (emphasis added).[1] The following attorneys failed to appear:

(1) Robert Roth Sparks, lead counsel for plaintiffs;
(2) William W. Plyler, lead counsel for plaintiffs;

---

[1] The failure of any *pro se* plaintiff to appear is addressed by a separate Memorandum and Recommendation

-1-

(3) Max O. Cogburn, Jr., local counsel for plaintiffs;[2]
(4) Alan D. McInnes, lead counsel for United Community Bank;[3]
(5) Haden J. Silver, III, lead counsel for United Community Bank;[4]
(6) Joseph Pinckney McGuire, lead counsel for United Community Bank;[5]
(7) Peter Crane Anderson, lead attorney for Secor Group, LLC;[6]
(8) Richard T. Boyette, lead attorney for A. Greg Anderson;[7]
(9) George W. Saenger, lead attorney for Luis Castillo;
(10) Patrick Lea Robson, lead attorney for Source One Properties, LLC, Source One Communities, Inc., H. Lee Farthing, Stephen M. Rayborn;[8] and
(11) John A. Northen, lead attorney for Michael Yeomans.[9]

Thus, the only inexcusable absences of counsel from the hearing were Messrs. Sparks, Plyler, and Saenger. While the undersigned does not know what, if anything,

---

[2] This failure is excused as local counsel of record sent a partner who attempted to answer the court's questions to the best of his ability.

[3] This failure is excused as lead counsel of record sent a partner who attempted to answer the court's questions to the best of his ability.

[4] This failure is excused as lead counsel of record sent a partner who attempted to answer the court's questions to the best of his ability.

[5] This failure is excused as lead counsel of record sent a partner who attempted to answer the court's questions to the best of his ability.

[6] This failure is excused as lead counsel of record sent a partner who attempted to answer the court's questions to the best of his ability.

[7] This failure is excused as lead counsel of record sent an associate who attempted to answer the court's questions to the best of her ability. The court notes that this associate was, perhaps, the best prepared of any substitute counsel and appears to have devoted at least as much time to preparing for this hearing as the court had. She is to be commended for her efforts.

[8] This failure is excused as lead counsel of record sent a partner who attempted to answer the court's questions to the best of his ability.

[9] This failure is excused as lead counsel of record sent a partner who attempted to answer the court's questions to the best of his ability.

Mr. Saenger could have contributed to the proceedings as he represents only an individual defendant, the absence of Mesrs. Sparks and Plyler was noticeable as it materially impacted the court's ability to determine whether plaintiffs had disobeyed the district court's Order.  At the conclusion of the hearing, local counsel for the represented plaintiffs was unable to explain why more than a dozen of the represented plaintiffs failed to file a more definite statement.  Such inability to answer this basic question made it appear that lead counsel for plaintiffs had abandoned more than a dozen clients without seeking leave of the court.  Rather than make an assumption which would require a Bar inquiry, the court directed at the conclusion of the hearing that the non-responsive, represented plaintiffs explain their failure in writing within seven days.  The absence of lead counsel for plaintiffs, however, prevented the court from resolving the issue.

Where an attorney fails to obey a court Order requiring their presence, courts become very concerned with whether counsel truly comprehends the seriousness of the endeavor.  In this case, plaintiffs have filed a mass action and the court fully expects counsel to pay at least as much attention to the case as the court does.  At present, the undersigned has well over 500 criminal and civil cases active at any given time, but has found the time to review every document in the case and spent nearly a full day preparing for a hearing on a most serious issue.  Lead counsel for

plaintiffs simply failed to show up for the hearing, which stymied the ability of the court to move this case forward. While the undersigned cannot and will not fault the efforts of plaintiff's local counsel, who was as prepared as any local counsel could be, local counsel did not have answers to basic questions which lead counsel must surely be prepared to answer, such as, who do you represent? At the conclusion of the hearing, the court determined the hourly rates of counsel who were present. Based on the amount of time each attorney spent on the day of hearing alone, the total legal bill was well in excess of $10,000.00, which was utterly wasted.

The undersigned has been a lawyer for well more than thirty years and understands the pressures of a busy practice; however, the undersigned cannot fathom ignoring an Order that provides

> that upon suggestion of disobedience of a court Order made upon the record, all counsel of record . . . shall appear for a hearing to determine whether the Order of the district court has been disobeyed and what, if any, sanctions should be imposed.

Docket Entry # ___. Indeed, it was the undersigned predecessor in this office, who is local counsel for plaintiffs herein, who informed the undersigned when he was in private practice that you must treat a case in the Asheville Division as if you had no other clients. That was good advice in a civil RICO action, and it is even better advice in a mass action.

At this point, however, the court cannot determine whether such failure to appear was based on neglect, mistake, a misunderstanding, or outright contempt for this court. Messrs. Sparks and Plyler will, therefore, be required to appear in Asheville on Friday, October 16, 2009, at 2 p.m. and explain their actions to this court. They should bring their personal checkbooks and should be aware that if they fail to obey *this* Order the next paperwriting they receive will be handed to them by a United States Marshal, who will provide transportation and assure their appearances.

Prior to the hearing, lead counsel for plaintiffs can work toward amelioration of the collateral damage caused by their failure to appear:

- First, because each attorney who appeared wasted at least a day of their time, they are entitled to be reimbursed their fees and expenses. Plaintiffs' lead counsel should talk with each attorney and attempt to resolve such issue amicably as costs and fees will only be compounded if such attorneys are required to seeks fees and costs judicially. See Grissom v. The Mills Corp., 549 F.3d 313 (4th Cir.2008); and Robinson v. Equifax Information Services, LLC, 560 F.3d 235 (4th Cir. 2009).

- Second, lead counsel for plaintiffs should address the reasons why more than a dozen of their cleints have not filed a more definite statement. If

the reason is that they resolved their disputes, desire to proceed *pro se*, or have abandoned the litigation, an appropriate motion needs to be made on their behalf.

- Third, lead counsel for plaintiff should initiate efforts toward conducting a new Initial Attorneys Conference inasmuch as an Amended Complaint has been filed. It is apparent from the pleadings that this mass action is spinning into less than a mass action and would benefit from a joint plan hammered out by all counsel setting it on course for trial in the near future.

- Fourth, had lead counsel been present, he would have heard from at least two of the corporate defendants the words "insolvency." It would be advisable for lead counsel to discuss early resolution of this action with such attorneys as the words that usually follow insolvency are "bankruptcy," which typically means zero recovery from these sources.

* * *

With such corrective actions in place and a plan for determining which plaintiffs remain, the court next turns to the pending discovery motions which it planned to address at the hearing:

(1) Source One defendants' Consent[10] Motion for Extension of Time for Source One Defendants to Respond to Plaintiffs' First Request to Produce to All Defendants (#145);

(2) defendant Secor Group, LLC's Motion to Enlarge/Suspend Time for Filing Expert Reports, Amend Case management Plan and for Scheduling Conference (#147);

(3) Source One defendants' Motion to Stay Deadlines Pending September 21, 2009 Conference (#148); and

(4) defendant A. Greg Anderson's Support of Secor Group's Motion (#150).

As discussed above, it appears that the Amended Complaint, the departure of a number of plaintiffs and defendants, and the general confusion surrounding this action requires entry of a new Pretrial Order. Each of the above motions concerns issues that could be resolved through the entry of a detailed Pretrial Order, which should have two targets: early mediation and prompt trial. The court will deny without prejudice all of the above motions, require *all* counsel to meet in advance of the October 16, 2009, hearing and conduct a supplemental IAC, and then to attend the

---

[10] Respective counsel are advised that under Rule 29, a request for extension of time to answer discovery requests need not be filed where the parties to the discovery request consent to such relief; rather, a stipulation would suffice and would result in reduced costs.

October 16, 2009, hearing where a Pretrial Conference will be conducted.[11]

**ORDER**

**IT IS, THEREFORE, ORDERED** that Messrs. Sparks and Plyler appear on October 16, 2009, at 2 p.m. and there show cause for their failure to obey the court's Order requiring their appearance.

Inasmuch as Mr. Saenger's non-appearance did not materially impact the hearing, Mr. Saenger shall advise the court in advance of the hearing as to the reason he did not appear, whether he remains counsel of record, or whether the claims against his client have been resolved.

**IT IS FURTHER ORDERED** that before October 9, 2009, counsel for <u>all</u> parties shall meet and conduct a supplemental initial attorneys conference and submit a CIAC and proposed Pretrial Order at least two days in advance of the October 16, 2009, hearing. A Pretrial Conference will be conducted at the October 16, 2009, hearing and a new Pretrial Order thereinafter issued.

**IT IS FURTHER ORDERED** that

---

[11] When the court sets a matter for hearing, it fully expects counsel of record to be present unless excused by the court.

(1) Source One defendants' Consent Motion for Extension of Time for Source One Defendants to Respond to Plaintiffs' First Request to Produce to All Defendants (#145);

(2) defendant Secor Group, LLC's Motion to Enlarge/Suspend Time for Filing Expert Reports, Amend Case management Plan and for Scheduling Conference (#147);

(3) Source One defendants' Motion to Stay Deadlines Pending September 21, 2009 Conference (#148); and

(4) defendant A. Greg Anderson's Support of Secor Group's Motion (#150),

are **DENIED** without prejudice as to the substantive relief therein sought, which should be sought through the CIAC process.

Signed: September 25, 2009

Dennis L. Howell
United States Magistrate Judge