IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv101

| NASEEM AHMED, *et al.*, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **SECOND** |
| Vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| ANTHONY PORTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court after a hearing conducted on September 21, 2009, in Asheville. In the Order setting this matter for hearing, the court directed in relevant part as follows:

> **IT IS FURTHER ORDERED** that upon suggestion of disobedience of a court Order made upon the record . . .all unrepresented parties shall appear for a hearing to determine whether the Order of the district court has been disobeyed and what, if any, sanctions should be imposed. Such hearing is set for September 21, 2009, at 2 p.m. in Asheville.

Order, Docket Entry #144. At the hearing, the court called the case and conducted a roll call of the plaintiffs remaining in the action. The following *pro se* plaintiffs failed to appear as instructed:

(1) Gary Gray[1]
 6 Miles Cary Mews
 Hampton, VA 23669

(2) James Marchica[2]
 1111 N. Maryland Ave. #203
 Glendale, CA 91207

(3) Jennifer Obiora
 6515 Belcrest Road #1313A
 Hyattsville, MD 20782-2010

(4) Lonnie Parker, Jr.[3]
 6300 Hil Mar Dr. #9
 Forestville, MD 20747

(5) James Schmehl
 1108 Prestige Dr.
 Burkburnett, TX 76354

(6) Victoria Schmehl
 285 Ridge Rd.
 Lisbon Falls, ME 04252

---

[1] Counsel was relieved in this case by Judge Dever while the case was in the Eastern District of North Carolina. Docket Entry # 62. Judge Dever's Order did not advise the pro se litigant of his responsibilities.

[2] Pleading #80 contains a suggestion of bankruptcy as to Mr. Marchica. At this point, the court has received no notification from the Bankruptcy Trustee as to whether the Trustee desires to pursue this claim as an estate asset. See Case No. 3:09-bk-12615-VK, United States Bankruptcy Court for the Central District of California. The undersigned allowed counsel to withdraw from Mr. Marchica's representation on June 15, 2009. Docket Entry #119.

[3] Counsel was relieved in this case by Judge Dever while the case was in the Eastern District of North Carolina. Docket Entry # 62. Judge Dever's Order did not advise the pro se litigant of his responsibilities.

(7) Michael Ugbogbo[4]
    47 Featherbed Lane #4A
    Bronx, NY 10452

(8) Aniekan Emmanuel Offiong[5]
    315 Park Avenue
    Piscataway, NJ 08854

Each plaintiff was called and failed by the bailiff. Further review of the docket reveals that none of these *pro se* plaintiffs, whose Complaint is the same as the remaining plaintiffs' original Complaint, have made any effort to comply with the district court's Order requiring that a more definite statement be filed in lieu of dismissal of such Complaint.

Prior to recommending dismissal of such claims, the undersigned has conducted a review of the warning that were provided to each *pro se* plaintiff. As to motions for withdrawal of counsel that were handled after transfer to this district, the undersigned advised each plaintiff as follows:

> [Name of *pro se* plaintiff] is advised that he is now personally responsible for complying with all Orders of this court, the Federal Rules of Civil Procedure, and the Local Civil Rules. [Name of *pro se* plaintiff] is advised that when the court issues an Order requiring the appearance of all parties or their attorneys, he is now responsible for

---

[4] Counsel for Mr. Ugbogbo was relieved by this court.

[5] Pleading #126 contains a suggestion of bankruptcy as to Ms. Offiong. At this point, the court has received no notification from the Bankruptcy Trustee as to whether the Trustee desires to pursue this claim as an estate asset. Case No. 09-26507-KCF, United States Bankruptcy Court for the District of New Jersey (Trenton).

attending such hearing and that his failure to attend may be a basis for dismissal of his claim. [Name of *pro se* plaintiff] is advised that it is his responsibility to keep the Clerk of this court advised as to his current mailing address and that when he files any paper with this court, he must send a copy of such writing to all counsel and all represented parties of record and certify in his writing that he has done so. Finally, [name of pro se plaintiff] is advised that while he has the right to proceed without counsel, doing so is not advisable and that he should promptly seek counsel as important rights may be at issue in this action.

See Docket Entries ## 99 (Ugbogbo), 115(Obiora & Offiong), and #119 (Marchica), #133(Schmehl). As to motions allowing withdrawal of counsel that were resolved before the case was transferred to this district, a similar warning from the court was not issued; however, counsel advised each of those plaintiffs (Messrs. Grey and Parker) "to obtain new counsel in this litigation." See Docket Entries ## 60 & 61.

The court has also determined that two of the *pro se* plaintiffs who failed to appear or participate are in bankruptcy. Review of the notices of bankruptcy as to Mr. Marchica and Ms. Offiong reveals that the automatic stay provides only a stay of claims asserted *against* such plaintiffs as debtors, but does not speak to a stay of claims *they* may have against others. Indeed, the entire purpose of the automatic stay is put an end to harassment by creditors, and does not foreclose the bankrupt individual through the Trustee from pursuing claims he or she may have. Typically, where a plaintiff's bankruptcy is filed in this district, this court would withdraw reference from the United States Bankruptcy Court of such portion of the bankruptcy

base case as is necessary to grant relief from the automatic stay to this court, all in accordance with 28, United States Code, Sections 157(d) & 636(b)(1)(A). In this case, the undersigned is hesitant to recommend that course of action. A cause of action, such as this, is considered to be property of the bankruptcy estate where, as here, the claim existed at the commencement of the filing of the bankruptcy action and the debtor could have asserted the claim on his own behalf under state law. Butner v. United States, 440 U.S. 48, 54 (1979). In the end, it is the Trustee's decision as to whether or not to pursue these claims. While the undersigned will recommend that these plaintiffs' claims be dismissed along with similarly situated *pro se* litigants, in deference to the Trustee and the respective bankruptcy courts in sister districts, the undersigned will instruct the Clerk of this court to send copies of this Recommendation to the respective Trustees so that they may interpose any objection or concurrence they may have to the proposed dismissal.

The court will now consider whether dismissal is an appropriate sanction. Dismissal of the claims of the above listed *pro se* plaintiffs appears to be proper under Rule 41(b), Federal Rule of Civil Procedure, for failure to prosecute, as such rule provides for involuntarily dismissal of an action "[f]or failure of the plaintiff ... to comply with rules or any order of court." The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a

"harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. Id. First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Id. Second, it must determine the "amount of prejudice to the defendant." Id. Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective. Id.

Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[6] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997).

The undersigned respectfully submits that the court has given each of these *pro se* plaintiffs more than adequate warning. First, all plaintiffs were instructed by the

---

[6] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

district court to file a more definite statement. When it appeared that none of these plaintiffs had complied within the time allowed, the court entered an Order setting the issue on for hearing, explained the obligation of each plaintiff to appear, and had the Clerk of this court send a copy of such Order to each *pro se* plaintiff at the mailing address each provided. Further, review of the court's docket reveals that none of the notices were returned, indicating to this court that the *pro se* plaintiffs had actual notice of the hearing. No *pro se* plaintiff corresponded with the court in advance of hearing or requested relief from the requirement of attending. Further, no *pro se* plaintiff has made any effort to file an amended pleading in this matter and the court has, in no manner, heard from any such plaintiff since counsel was relieved. Clearly, the *pro se* plaintiffs are all personally responsible for the lack of particpation in this matter or compliance with court Orders; defendants have been prejudiced in that they spent in excess of $10,000.00 in legal fees simply attending the September 21, 2009, hearing;[7] *pro se* plaintiffs appear to have been proceeding in such fashion since counsel withdrew; and the court knows of no lesser sanction that would be effective where *pro se* plaintiffs express no interest in moving their case forward. From the outset, the undersigned has provided clear and explicit warnings to the *pro se* litigants

---

[7] Such determination was made after inquiry at the hearing as to the time expended and the rates charged by counsel who appeared.

whom this court allowed to proceed *pro se*. Even though Judge Dever did not provide similar warnings,[8] review of the docket reveals that copies of the Orders warning fellow *pro se* litigants were served on such litigants on four occasions, which would have provided even a less than diligent *pro se* litigant with ample notice of their own obligations as well as warning them of the consequences of failure to comply with court orders.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the causes of action asserted by the following *pro se* plaintiffs be **DISMISSED WITH PREJUDICE**:

(1) Gary Gray
6 Miles Cary Mews
Hampton, VA 23669

(2) James Marchica
1111 N. Maryland Ave. #203
Glendale, CA 91207

(3) Jennifer Obiora
6515 Belcrest Road #1313A
Hyattsville, MD 20782-2010

(4) Lonnie Parker, Jr.
6300 Hil Mar Dr. #9

---

[8] Review of the pleadings reveals that Judge Dever signed orders proposed by counsel for plaintiffs.

(4) [continued]
Forestville, MD 20747

(5) James Schmehl
1108 Prestige Dr.
Burkburnett, TX 76354

(6) Victoria Schmehl
285 Ridge Rd.
Lisbon Falls, ME 04252

(7) Michael Ugbogbo
47 Featherbed Lane #4A
Bronx, NY 10452

(8) Aniekan Emmanuel Offiong
315 Park Avenue
Piscataway, NJ 08854

**THE CLERK OF THIS COURT** is, respectfully, instructed to send a copy of this Memorandum and Recommendation to the Clerk of the Bankruptcy Court in the following cases for service upon the Trustee in each of such cases:

(1) ***In re: Aniekan Emmanuel Offiong***, Case No. 09-26507-KCF, United States Bankruptcy Court for the District of New Jersey (Trenton); and

(2) ***In re: James Marchica***, Case No. 3:09-bk-12615-VK, United States Bankruptcy Court for the Central District of California. The undersigned allowed counsel to withdraw from Mr. Marchica's representation on June 15, 2009. Docket Entry #119.

The respective Trustees are advised that if they have any objection to the dismissal of claims which appear to be assets of the bankruptcy estates of the above plaintiffs, they should file their objections within the time provided infra. Equally, if they do

not object to the dismissal, such concurrence should also be filed within such time frame.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: September 29, 2009

Dennis L. Howell
United States Magistrate Judge