IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv101

| | |
|---|---|
| NASEEM AHMED, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ANTHONY PORTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on plaintiffs' "Notice in Response to this Court's Order of September 25, 2009." Docket Entry #157. In such Notice, plaintiffs call into question the origin of this court's requirement that they file a notice concerning the status of each plaintiff who has not answered. Notice, Docket Entry #157, at n.1. Plaintiffs are advised that such Order was made in open court during the September 21, 2009, show cause hearing at which local counsel for plaintiffs was in attendance, but lead counsel was absent. The court notes that such proceeding was electronically recorded, but that no request has been made by counsel for plaintiffs to the Official Court Reporter for a transcript of such hearing.

In the substance of the notice, lead counsel for plaintiffs contends that he did not file more definite responses or amended complaints for 13 plaintiffs because he

learned such plaintiffs were in bankruptcy. He does not state when he learned of such bankruptcies. Review of the summary provided by counsel for plaintiffs reveals that some of these plaintiffs have been in bankruptcy for longer than a year, and that some filed for such protection prior to transfer of this action to the Western District of North Carolina. As to none of the plaintiffs listed in the Notice has counsel, even now, filed with the court a Suggestion of Bankruptcy and Notice to Creditors of Automatic Stay. This lack of filing of Suggestions of Bankruptcy is unexplained in counsel's filing.

This lack of notification concerns the court for the following reasons: (1) counsel for plaintiffs, as officers of this court, have an obligation to inform this court of his client's filing of a petition in bankruptcy; (2) to the extent plaintiffs pursued discovery on behalf of plaintiffs who were then in bankruptcy, such actions are likely in violation of Section 362;[1] and (3) had counsel for plaintiffs seasonably informed this court of such status, this federal court could have withdrawn referrals to the Bankruptcy Court if the action were pending in this district, or included such plaintiffs in the earlier issued Memorandum and Recommendation requiring the

---

[1] Counsel for defendants shall review their respective files in advance of the hearing and determine whether counsel for plaintiffs propounded discovery for any of the 13 plaintiffs listed in the Notice after the dates such plaintiffs sought bankruptcy protection. If such occurred, counsel for defendants should be prepared to discuss with the court costs and fees associated with complying with such post-bankruptcy discovery requests.

trustees to advise this court of their decision as to whether the estates will be maintaining these causes of action. Counsel for plaintiffs shall add these concerns to the list for discussion at the October 16, 2009, hearing, as well as the non-compliance with this court's Order requiring such Notice to be filed not later than Monday, September 28, 2009.

At this point, it appears to the court that plaintiffs may not be prosecuting this action in a manner consistent with the expectations of the district court. As suggested in Secor's Motion to Dismiss Pursuant to Rule 41(b) (Docket Entry #155), plaintiffs have flatly ignored several orders of this court and have, upon what appears to be their own suggestion, failed to keep this court and the other litigants informed as to the litigation status of several of their clients for well over a year. This court's jurisdiction is founded on a mass action, not a class action, wherein counsel for plaintiff is responsible to the court for the status of each named plaintiff. The Court of Appeals for the Fourth Circuit has advised that prior to dismissing an action for failure to prosecute, the trial court is obligated to make special efforts to advise plaintiffs and their counsel of the perils of taking the ill-advised path. Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003). The court believes it has already started such process of notification through entry of the first Order (#144) setting this matter on for a show cause hearing, conducting a show

cause hearing at which plaintiffs' lead counsel was absent (see Minute Entry for 9/21/09), instructing plaintiffs to file a notice of status by September 28, 2009, which was missed (see Docket Entry #157), by entry of an Order setting the matter on again for a show cause hearing and listing the particular concerns that will be addressed, (see Docket Entry # 153) and now through entry of this Order. The court will now give plaintiffs the "clear and explicit" warning as required by Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997) of "the consequences of failing to satisfy the court's conditions and orders," id., which would be a recommendation of dismissal of the action for failure to prosecute under Rule 41(b).

Having discussed the court's concerns and provided the warning required under prevailing decisions of the Fourth Circuit, counsel for plaintiffs is advised that the court does not believe that all is lost. Indeed, the court holds out hope that the failure to obey the orders of this court is attributable to misunderstanding and that the harm caused to defendants and the tasks left undone are, respectively, ameliorated and accomplished by the date of the hearing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that, in addition to the instructions in the previous Order, Messrs. Sparks and Plyler shall appear on October 16, 2009, at 2

p.m. and there show cause for their failure to obey the court's oral Order requiring that such Notice (Docket Entry #157) be filed by Monday, September 28, 2009. Further, respective counsel shall show good cause at such hearing why they did not file Suggestions of Bankruptcy and Notices to Creditors of Automatic Stay in this matter as to each of the plaintiff's listed in Docket Entry #157.

**IT IS FURTHER ORDERED** that respective counsel for plaintiffs file a Suggestion of Bankruptcy and Notice to Creditors of Automatic Stay as to each and every plaintiff who has filed for bankruptcy, but for whom they have not heretofore filed such notice, in advance of the hearing on October 16, 2009.

**IT IS FURTHER ORDERED** that all defendants shall have up to and inclusive of October 9, 2009, to file Answers or other responsive pleadings to plaintiffs' Amended Complaint.

Signed: October 2, 2009

Dennis L. Howell
United States Magistrate Judge