# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv101

| | |
|---|---|
| NASEEM AHMED, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **THIRD** |
| Vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ANTHONY PORTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court after a hearing conducted on October 16, 2009, in Asheville. At that hearing, counsel for plaintiffs confirmed that a number of plaintiffs he represents are now in bankruptcy, but that he has received no indication from the trustees of the various bankruptcy estates as to whether the estates wish such claims (which are assets of the estates) to proceed. In order to ensure the orderly disposition of this mass action, the undersigned will recommend that all claims of all represented plaintiffs who are in bankruptcy be dismissed with prejudice, that notice be provided of such recommendation to the respective trustees, that lead counsel for plaintiffs contact the respective trustees and provide certain information, and that the trustees be given an opportunity during the period for objections to request whatever relief they deem appropriate in their particular cases.

Review of the notices of bankruptcy as to such plaintiffs reveals that the automatic stay provides only a stay of claims asserted *against* such plaintiffs as debtors, but does not speak to a stay of claims *they* may have against others. Indeed, the entire purpose of the automatic stay is put an end to harassment by creditors, and does not foreclose the bankrupt individual through the Trustee from pursuing claims he or she may have. Typically, where a plaintiff's bankruptcy is filed in this district, this court would withdraw reference from the United States Bankruptcy Court of such portion of the bankruptcy base case as is necessary to grant relief from the automatic stay to this court, all in accordance with 28, United States Code, Sections 157(d) & 636(b)(1)(A).

In this case, however, the undersigned is hesitant to recommend that course of action inasmuch as these bankruptcy proceedings are all proceeding in sister jurisdictions. A cause of action, such as this, is considered to be the property of the bankruptcy estate where, as here, the claim existed at the commencement of the filing of the bankruptcy action and the debtor could have asserted the claim on his own behalf under state law. Butner v. United States, 440 U.S. 48, 54 (1979). In the end, it is the Trustee's decision as to whether or not to pursue these claims. While the undersigned will recommend that these plaintiffs' claims be dismissed, in deference to the Trustee and the respective bankruptcy courts in sister districts, the undersigned

will instruct the Clerk of this court to send copies of this Recommendation to the respective Trustees so that they may interpose any objection or concurrence they may have to the proposed dismissal.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the causes of action asserted by the following plaintiffs be **DISMISSED WITH PREJUDICE** unless the trustee files an objection or notice or other pleading indicating that he or she intends to pursue this action as an asset of the bankruptcy estate:

(1) Gregory Anderson;
(2) Christopher Ciaccio;
(3) Maxfield Crook and Joann Crook;
(4) Jeremy Fishman;
(5) Linda Frimpong;
(6) Terence Havens and Ramona Havens;
(7) Jane Ifabanwo;
(8) Ronald Muse;
(9) Brad Norman and Susan Norman; and
(10) Samuel Williamowsky.

**THE CLERK OF THIS COURT** is, respectfully, instructed to send a copy of this Memorandum and Recommendation to the Clerk of the Bankruptcy Court in the following cases for service upon the Trustee and the Debtor(s) in each of such cases:

(1) *In re: Gregory Anderson*, Case No. 08-45450, in the United States Bankruptcy Court for the Northern District of California (Oakland).

(2) *In re: Christopher Ciaccio*; Case No. 8-08-bk-03395-CPM, in the United States Bankruptcy Court for the Middle District of Florida (Tampa);

(3) *In re: Maxfield Crook and Joann Crook*, Case No. 09-12051-s7, in the United States Bankruptcy Court for the District of New Mexico (Albuquerque);

(4) *In re: Jeremy Fishman*, Case No. 08-24528, in the United States Bankruptcy Court for the District of Maryland (Greenbelt);

(5) *In re: Linda Frimpong*, Case No. 08-63251-mhm, in the United States Bankruptcy Court for the Northern District of Georgia (Atlanta);

(6) *In re: Terence Havens and Ramona Havens*, Case No. 9-08-BK-19188-ALP, in the United States Bankruptcy Court for the Middle District of Florida (Ft. Myers);

(7) *In re: Jane Ifabanwo*, Case No. 09-17040, in the United States Bankruptcy Court for the District of Maryland (Greenbelt);

(8) *In re: Ronald Muse*, Case No. 08-11481-SSM, in the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria);

(9) *In re: Brad Norman and Susan Norman*, Case No. 08-24468, in the United States Bankruptcy Court for the District of Maryland (Baltimore); and

(10) *In re: Samuel Williamowsky*, Case No. 08-24535, in the United States Bankruptcy Court for the District of Maryland (Greenbelt),

**THE RESPECTIVE TRUSTEES** are respectfully advised that if they have any objection to the dismissal of claims which appear to be assets of the bankruptcy

estates of the above plaintiffs, they should file their objections within the time provided infra.  Equally, if they do not object to the dismissal, such concurrence should also be filed within such time frame.  Finally, if they need additional time within which to respond or within which to seek relief from the stay to prusue this action, they should file a notice and request for such additional time within the time allowed herein.

**LEAD COUNSEL FOR PLAINTIFFS,** as he remains counsel of record for such plaintiffs, shall make himself available for consultation with the respective trustees.  **THE RESPECTIVE TRUSTEES** are advised that counsel in this matter for their respective debtors is:

> Robert Roth Sparks
> *Parry Deering Futscher & Sparks, PSC*
> 411 Garrard Street
> P.O. Box 2618
> Covington , KY 41012-2618
> 859-291-9000
> Fax: 859-291-9300
> Email: rsparks@pdfslaw.com

## TIME FOR OBJECTIONS

The parties and the respective trustees are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact,

conclusions of law, and recommendation contained herein must be filed within **ten (10)** days of service of same.  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: October 19, 2009

Dennis L. Howell
United States Magistrate Judge