# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv101

| | |
|---|---|
| NASEEM AHMED, *et al.*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) FOURTH<br>) MEMORANDUM AND<br>) RECOMMENDATION |
| ANTHONY PORTER, *et al.*, | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on the following dispositive motions:

(1)  defendant Secor Group, LLC's Motion to Dismiss Pursuant to Rule 41(b) Or, in the Alternative, To Compel Plaintiffs to File Notice and Enlarge Secor's Time To Respond to Second Amended Complaint, and Incorporated Memorandum of Law (#155);

(2)  defendant Secor Group, LLC's Motion to Dismiss Second Amended Complaint, or for More Definite Statement (#175);

(3)  plaintiffs Naseem Ahmed's, Tahmeena Ahmed's, Kevin Bonner's, Shannon Bonner's, Mario Carcamo's, Owen

McCarthy's, and Dorothia McCarthy's Motion For Voluntary Dismissal Pursuant to Rule 41(a)(2) (without prejudice) (#187);

(4) plaintiffs' Motion for Voluntary Dismissal Of the Claims Against Defendant John Perry Pursuant to Rule 41(a)(2) (without prejudice) (#200);

(5) plaintiffs' Motion for Voluntary Dismissal of the Claims Against Defendant P. G. Capital Holdings, L.L.C., Pursuant to Rule 41(a)(2) (without prejudice) (#203);

(6) defendant United Community Bank's Motion to Confirm Arbitration Awards Against Plaintiffs Biller, McCarthy, McNeal, Meek, Obiora, and Schmehl and for Entry of Judgment Thereon (#204); and

(7) plaintiffs Miriam Benard's and Michael Crandus' Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) (#217) without prejudice.

The court has also noted UCB's Response (#206) to plaintiffs Naseem Ahmed's, Tahmeena Ahmed's, Kevin Bonner's, Shannon Bonner's, Mario Carcamo's, Owen McCarthy's, and Dorothia McCarthy's Motion For Voluntary Dismissal Pursuant to Rule 41(a)(2) (without prejudice) (#187), in which UCB

advises that the arbitration award as to Owen McCarthy and Dorothia McCarthy should be confirmed and judgment entered against them before the proposed dismissal is allowed. Such suggestion is well made and taken.

**Uncontested Dispositive Motions**

While there are a number of responses to the various motions, it appears that resolution of a number of motions is not disputed by the parties:

- As to the motions to dismiss filed by Secor Group, LLC (#155 & #175), the parties have resolved the issues between plaintiffs and such defendant and a motion for voluntary dismissal is forthcoming. See Motion for Extension of Mediation Deadline, (containing a Report of Resolution of Claims) (#218). The undersigned will, therefore, recommend that Secor Group, LLC's motions to dismiss be denied without prejudice as a matter of housekeeping;

- As to plaintiffs Naseem Ahmed's, Tahmeena Ahmed's, Kevin Bonner's, Shannon Bonner's, Mario Carcamo's, Owen McCarthy's, and Dorothia McCarthy's Motion For Voluntary Dismissal Pursuant to Rule 41(a)(2) (without prejudice) (#187), such motion is well taken and a recommendation will be entered

that such motion be allowed except as to the McCarthy plaintiffs, and as to those plaintiffs, that a dismissal be entered in conjunction with the proposed Judgment confirming the arbitration award;

- As to plaintiffs' Motion for Voluntary Dismissal of the Claims Against Defendant John Perry Pursuant to Rule 41(a)(2) (without prejudice) (#200), it appearing that good cause has been shown inasmuch as his whereabouts cannot be determined after a diligent search, a recommendation will be entered that such motion be allowed;

- As to plaintiffs' Motion for Voluntary Dismissal of the Claims Against Defendant P. G. Capital Holdings, L.L.C., Pursuant to Rule 41(a)(2) (without prejudice) (#203), it appearing that such defendant is in receivership and that claims against such defendant should be made in <u>State of North Carolina ex rel. Roy Cooper, Attorney General v. Peerless Real Estate Services, Inc., et al.</u>, 07-CVS-009006, the undersigned will recommend that dismissal of such defendant be allowed; and

- As to plaintiffs Miriam Benard's and Michael Crandus' Motion for

Voluntary Dismissal Pursuant to Rule 41(a)(2) (#217) without prejudice, such motion has not been objected to within the time allowed and good cause having been shown for the relief, the undersigned will recommend that this motion be allowed.

**Contested Dispositive Motions**

Defendant United Community Bank has filed a Motion to Confirm Arbitration Awards Against Plaintiffs Biller, McCarthy, McNeal, Meek, Obiora, and Schmehl and for Entry of Judgment Thereon (#204). On November 16, 2009, plaintiffs filed their Response to UCB's Motion to Confirm Arbitration Awards (#212), setting forth the following objections:

(1) UCB failed to serve its motion as required by 9, United States Code, Section 9;

(2) the arbitration agreement does not specify the court which is to confirm the award as required by Section 9; and

(3) Plaintiff Meek has settled his claim against UCB, making the arbitration award unenforceable.

UCB has withdrawn such motion as to plaintiffs Charles D. McCarthy, Theodore R. Meek, Jennifer Obiora, and Victoria G. Schmehl as those defendants have been previously dismissed from this action. See Notice of Withdrawal (#215). UCB is,

however, pursuing confirmation of the awards as to Marjorie J. Biller, Dorothia E. McCarthy, Owen M. McCarthy, and Jeffrey B. McNeal. See Reply (#216).

In Reply, UCB argues that it has properly served the remaining plaintiffs against whom it secured arbitration awards. They argue that they are under no obligation to initiate a new lawsuit against these plaintiffs simply to confirm the awards. Instead, they argue that it was plaintiffs who brought this action, that it was this court which compelled plaintiffs to participate in arbitration, and that it is proper for this court to confirm the awards of arbitration. In sum, UCB contends that by serving such plaintiffs in the manner required by Rule 5, applicable to ongoing proceedings, rather than Rule 4, which governs new actions, they have complied with the service requirements of the Arbitration Act.

The court has closely reviewed 9, United States Code, Section 9, which provides as follows:

> **9. Award of arbitrators; confirmation; jurisdiction; procedure**
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the

> adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. Clearly, by plaintiffs choosing this forum to litigate claims that were subject to an enforceable arbitration agreement, and this court having stayed these proceedings and compelled arbitration, it was very appropriate for UCB to file with this court a motion to confirm such award as this court has jurisdiction over the claims that were arbitrated. See Allen Group, Inc. V. Allen Deutschland GMBH, 877 F.Supp. 395, 399 (W.D.Mich. 1994); Sanluis Developments, L.L.C. v. CCP Sanluis, L.L.C., 556 F.Supp.2d 329 (S.D.N.Y. 2008). Such motion was well within the time provided and fully complied with the service requirements of Rule 5 inasmuch as such motions were properly served in an ongoing federal proceeding. Finally, the court specifically finds that 9, United States Code, Section 9 is not applicable as it provides parties with a post-award procedure for securing a judgment on an arbitration award where there is no extant civil action.

The undersigned having resolved the procedural issue, and it appearing that there are no substantive objections to reducing the arbitration awards to judgments

as to the remaining plaintiffs, the court will recommend that the awards be confirmed as to such plaintiffs.  Specifically, the court has heard no substantive objection from such plaintiffs and it further appearing that no motion to vacate, modify, or correct such awards has been made within the time provided, 9 U.S.C. § 10, and the court having ascertained that the arbitrators did the "job they were told to do" by affording all sides an opportunity to present arguments and evidence and then resolving any disputed issues arising from the loans UCB made to these plaintiffs, <u>Investor Relations Servs., Inc. v. Michele Audio Corp. Of Am.</u>, 2006 WL 2571028 (M.D.N.C. 2006),[1] the undersigned will recommend that such motion be allowed, the awards confirmed, and that judgment be entered as to each such plaintiffs and that these plaintiffs' remaining claims, if any, be otherwise dismissed without prejudice.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1)     defendant Secor Group, LLC's  Motion to Dismiss Pursuant to Rule 41(b) Or, in the Alternative, To Compel Plaintiffs to File Notice and Enlarge Secor's Time To

---

[1]     Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Respond to Second Amended Complaint (#155) be **DENIED** without prejudice as **MOOT**;

(2) defendant Secor Group, LLC's Motion to Dismiss Second Amended Complaint, or for More Definite Statement (#175) be **DENIED** without prejudice as **MOOT**;

(3) plaintiffs Naseem Ahmed's, Tahmeena Ahmed's, Kevin Bonner's, Shannon Bonner's, Mario Carcamo's, Owen McCarthy's, and Dorothia McCarthy's Motion For Voluntary Dismissal Pursuant to Rule 41(a)(2) (without prejudice) (#187) be **GRANTED** without prejudice as to Naseem Ahmed, Tahmeena Ahmed, Kevin Bonner, Shannon Bonner, and Mario Carcamo, and **DENIED** without prejudice as to Owen McCarthy and Dorothia McCarthy;

(4) plaintiffs' Motion for Voluntary Dismissal Of the Claims Against Defendant John Perry Pursuant to Rule 41(a)(2) (without prejudice) (#200) be **ALLOWED**, and that defendant John Perry be **DISMISSED** from this action without prejudice;

(5) plaintiffs' Motion for Voluntary Dismissal of the Claims Against Defendant P. G. Capital Holdings, L.L.C., Pursuant to Rule 41(a)(2) (without prejudice) (#203) be **ALLOWED**, and that defendant P. G. Capital Holdings, L.L.C., be **DISMISSED** from this action without prejudice;

(6) defendant United Community Bank's Motion to Confirm Arbitration Awards Against Plaintiffs Marjorie J. Biller, Dorothia E. McCarthy, Owen M. McCarthy, and Jeffrey B. McNeal and for Entry of Judgment Thereon (#204), be **ALLOWED** and that **JUDGMENTS** be entered **CONFIRMING** such awards in arbitration and otherwise **DISMISSING WITHOUT PREJUDICE** any remaining claims of plaintiffs **Marjorie J. Biller, Dorothia E. McCarthy, Owen M. McCarthy, and Jeffrey B. McNeal**; and

(7) plaintiffs Miriam Benard's and Michael Crandus' Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) (#217) be **ALLOWED**, and that such plaintiffs and their claims be

dismissed without prejudice.

## TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: December 17, 2009

Dennis L. Howell
United States Magistrate Judge