# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 1:09cv101-RJC-DLH

| | |
|---|---|
| NASEEM AHMED, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| ANTHONY PORTER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on the Magistrate Judge's Third Memorandum and Recommendation ("M&R") (Doc. No. 193). The parties were advised that objections were to be filed in writing within ten (10) days after service of the Magistrate Judge's decision. (Doc. No. 193 at 5-6). The time for filing objections has since passed, and no objections have been filed by any party in this matter. For the reasons stated below, the Court will affirm the M&R in its entirety.

## I. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 198 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. DISCUSSION

The Magistrate Judge conducted a hearing in Asheville on October 16, 2009. At that hearing,

counsel for plaintiffs confirmed that a number of plaintiffs he represents are now in bankruptcy, but that he had received no indication from the trustees of the various bankruptcy estates as to whether the estates wish such claims (which are assets of the estates) to proceed. Out of deference to the respective Trustees and bankruptcy courts in sister districts, the Magistrate Judge recommended that dismissal of certain plaintiffs' claims be conditioned on a trustee's consent to such dismissal. The Clerk of this Court was ordered to send a copy of the M&R to the Clerk of the Bankruptcy Court in the relevant cases for service upon the Trustees and Debtors in those cases. The M&R also advised the Trustees that even if they did not object to the dismissal, they should nonetheless file concurrence within ten (10) days.

Inadvertently, the Trustees initially were not sent a copy of the M&R. Each, however, was sent a copy of the M&R on January 12, 2010 (Doc. No. 226). Out of caution, the Court has allowed ten days for service by mail, while giving the Trustees fourteen days to object or consent to the M&R, based on the new Federal Rules of Civil Procedure now in effect. See Fed. R. Civ. P. 72(b) (effective December 1, 2009). No Trustee has filed an objection, consent, or request for more time to respond to the M&R.

### III. CONCLUSION

Accordingly, after a careful review of the record in this case, the Court finds that the Magistrate Judge's recommendations are consistent with and supported by law. Thus, the Court hereby accepts the M&R of the Magistrate Judge and adopts it as the final decision of this Court for all purposes relating to this case.

**IT IS, THEREFORE, ORDERED** that the causes of action asserted by the following plaintiffs are **DISMISSED**:

(1) Gregory Anderson;

(2) Christopher Ciaccio;

(3) Maxfield Crook and Joann Crook;

(4) Jeremy Fishman;

(5) Linda Frimpong;

(6) Terence Havens and Ramona Havens;

(7) Jane Ifabanwo;

(8) Ronald Muse;

(9) Brad Norman and Susan Norman; and

(10) Samuel Williamowsky.

**SO ORDERED.**

Signed: February 12, 2010

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge