**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION 1:09cv101-RJC-DLH**

| | | |
|---|---|---|
| **NASEEM AHMED, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ANTHONY PORTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on United Community Bank's ("UCB") motion to confirm arbitration award against plaintiff Obinna R. Ekezie and for entry of judgment thereon (Doc. No. 235).

Section 9 of the Federal Arbitration Act ("FAA") provides that any time within one year after an arbitration award is made, a party to the arbitration may apply to a federal district court for an order confirming the award. 9 U.S.C. § 9. The federal court's review of an arbitration award is "substantially circumscribed." Three S Del., Inc. v. Dataquick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007) (quoting Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006)). A district court's authority to review an arbitration award "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all . . . ." Id. (quoting Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir. 1998)). The court must confirm the arbitration award unless the award is vacated, modified, or corrected pursuant to Section 10 or 11 of the FAA. Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008) (citing 9 U.S.C. § 9).

Finding no grounds to vacate, modify, or correct the arbitration award, the Court will grant UCB's motion to confirm the award against Ekezie.

Dockets.Justia.com

**IT IS, THEREFORE, ORDERED** that:

1. UCB's motion to confirm the arbitration award (Doc. No. 235) is **GRANTED**;
2. plaintiff Ekezie's claims against UCB are **DISMISSED**; and
3. the Court hereby enters judgment against Ekezie and in favor of UCB in the following amounts:
   a. $409,638.07 as set forth in the arbitration award;
   b. prejudgment interest at 8% on the $347,052.41 in principal owing under the promissory note from April 6, 2010, until the date of entry of judgment; and
   c. postjudgment interest paid at the rate specified under 28 U.S.C. § 1961 as applied to the total judgment, including prejudgment interest.

**SO ORDERED.**

Signed: July 13, 2010

Robert J. Conrad, Jr.
Chief United States District Judge