UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:09-cv-101-RJC-DLH

| NASEEM AHMED, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| ANTHONY PORTER, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the plaintiffs' motion for default judgment against defendants Porter, O'Rourke, and Sunset Funding (Doc. No. 249). The Court has reviewed the motion and the October 30, 2009, entry of default against these defendants (Doc. No. 202).

## I. BACKGROUND

The facts of this case are sufficiently set out in the Magistrate Judges first Memorandum and Recommendation (Doc. No. 122) and are well-known to the parties.

## II. LEGAL STANDARD

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, No. 5:08cv5347, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D. W. Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at *14 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule

55(b)(1) or (2), depending on the nature of the relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Upon default judgment, while a court must accept a plaintiff's factual allegations as true, the plaintiff must still prove that it is entitled to damages. While a court may choose to require a hearing, it may also award damages based on affidavits and documentary evidence. See Ancient Sun Nutrition, Inc. v. Lawlor, No. 1:07cv395, 2008 WL 1944325 (W.D.N.C. May 1, 2008). In determining whether damages should be awarded upon default judgment, courts apply federal law of damages to federal claims, and state damages law to state claims. See id.

Thus the plaintiffs' state-law claims must be proven to a reasonable certainty. State Props., L.L.C. v. Ray, 574 S.E.2d 180, 188 (N.C. Ct. App. 2002). The plaintiffs need not, however, prove state-law damages by "an exact dollar amount with mathematical precision." Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C., 620 S.E.2d 222, 231 (N.C. Ct. App. 2005).

## III. DISCUSSION

The defaulted defendants have not appeared in this case despite having been properly served process. The defaulted defendants are not minors, incompetent persons, or current members of the military service. Further, the Clerk entered default judgment against them. Accepting the plaintiffs' factual allegations as true, the Court will grant default judgment to the plaintiffs against the defaulting defendants.

Further, based on the extensive documentary and affidavit evidence that the plaintiffs have now provided, the Court finds that the plaintiffs have met their burden of proving their damages as to all counts. The plaintiffs have provided extensive records in addition to an affidavit from each plaintiff. This evidence substantiates the plaintiffs' claims for damages. In light of this showing,

the Court finds that the plaintiffs have proven their damages to a reasonable certainty.

In addition, the plaintiffs submit that this amount should be trebled pursuant to N.C. Gen. Stat. § 75-16. Chapter 75 of the North Carolina General Statutes provides that "unfair methods of competition . . . and unfair or deceptive acts or practices in or affecting commerce" are unlawful, N.C. Gen. Stat. § 75-1.1(a), and that "in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict." N.C. Gen. Stat. § 75-16. The plaintiffs have alleged violations of the Unfair and Deceptive Trade Practices Act in Count XI of the their latest Amended Complaint (Doc. No. 1-7 at 20) and their More Definite Statement (styled as a Second Amended Complaint) (Doc. No. 139 at 48).

However, North Carolina case law makes clear that "once default judgment is entered, the plaintiff is entitled to recover damages prayed for in the complaint, provided the facts alleged properly state a cause of action upon which the law gives relief." MRD Motorsports, Inc. v. Trail Motorsports, LLC, 694 S.E.2d 517, 519 (N.C. Ct. App. 2010) (citing Meir v. Walton, 170 S.E.2d 166, 168-69 (N.C. Ct. App. 1969)). As the North Carolina Court of Appeals stated long ago, "Although we can find no case where the North Carolina courts have limited the relief to that demanded in the prayer for relief, it is very clear that where no answer is filed, the relief granted cannot exceed that actually demanded somewhere in the complaint when considered in its entirety." Meir, 170 S.E.2d at 168. In addition, "[p]laintiffs may in proper cases elect to recover either punitive damages under a common law claim or treble damages under N.C.G.S. § 75-16, but they may not recover both. Ellis v. No. Star Co., 388 S.E.2d 127, 132 (N.C. 1990).

Here, while the plaintiffs request treble damages in their motion for default judgment, they have not requested such damages in their pleading. Neither the Amended Complaint (Doc. No. 1-7) nor their More Definite Statement (Doc. No. 139 at 48) even reference treble damages. The

3

plaintiffs do request, however, punitive damages in both their Amended Complaint and More Definite Statement. Therefore, the Court will award punitive damages, rather than treble damages.

**IT IS, THEREFORE, ORDERED** that

1. The plaintiffs' motion for default judgment against defendants Porter, O'Rourke, and Sunset Funding (Doc. No. 249) is **GRANTED**;

2. Default judgment is entered against defendants Porter, O'Rourke, and Sunset Funding, jointly and severally, in the amounts listed below, which reflect compensatory damages:

| Plaintiff(s) | Compensatory Damages |
|---|---|
| Marjorie Biller | $ 145,923.81 |
| Michael and Anne Bodnar | $ 127,000.00 |
| Marshall Heath Clayton | $ 369,824.00 |
| Obinna Ekezie | $ 1,415,888.07 |
| Robert Emory | $ 1,340,304.21 |
| Keith Gilmore | $ 43,000.00 |
| Jonathan and Marian Gray | $ 12,000.00 |
| Robert Headley | $ 60,000.00 |
| Audra Kennedy (fka Audra Headley) | $ 60,000.00 |
| Kimberly Melton and Douglas Brown | $ 24,000.00 |
| Joseph and Anna Monza | $ 250,500.00 |
| Bruce and Rebecca Ransom | $ 66,500.00 |
| Phillip and Manami Russ | $ 42,700.00 |
| Souleymane Tall | $ 62,800.00 |
| Adeniyi and Okubunmi Tella | $ 80,000.00 |
| Charles Zombro | $ 25,500.00 |

3.  In addition, default judgment is entered against defendants Porter, O'Rourke, and Sunset Funding, jointly and severally, for punitive damages in the amount of $1,950,000.00. The punitive damages award shall be distributed pro rata pursuant to each plaintiff's portion of the collective loss.

4.  In light of the punitive damages award, the Court will not award prejudgment interest.

5.  The judgment, including both compensatory and punitive damages, shall bear interest pursuant to 18 U.S.C. § 1961 from the date of judgment until paid.

**SO ORDERED.**

Signed: March 16, 2011

Robert J. Conrad, Jr.
Chief United States District Judge